WERNER & WERNER CLOTHING & FURNISHING GOODS CO., PETI-
TIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6984.   Promulgated November 14, 1927.

*Abraham Lowenhaupt, Esq.,* for the petitioner.
*Thomas P. Dudley, Jr., Esq.,* for the respondent.

OPINION.

LITTLETON: The Commissioner claims that the leasehold here in question had no value on March 1, 1913, whereas the petitioner contends that the leasehold had a value on this date of $118,746.90, and that it is entitled to an annual deduction of $13,964.35 for the exhaustion of the leasehold.

At the hearing, evidence was presented as to the estimated savings under the leasehold, the rentals paid for numerous comparable properties, the character of the location where the property is situated, the changes in the business character of petitioner's location from 1906 to March 1, 1913, the reason for granting the extensions referred to in our findings of fact, the restricted use of the premises, the usual net rental return on land and buildings on March 1, 1913, and other evidence relating to the value here in issue. On a consideration of

the entire evidence, we are of opinion that the fair market value of the leasehold on March 1, 1913, was $35,121.78.

We can not, however, agree with the petitioner that it is entitled to a deduction in the years involved on account of this value on the basis of 8½ years which the leasehold had to run on March 1, 1913, for the reason that two extensions thereto were later granted—one on November 11, 1914, of three years and another on February 8, 1917, for three additional years, thus causing the lease to expire on August 31, 1927, instead of August 31, 1921.

The deduction allowable for each of the years should be based upon a spread of the portion of the March 1, 1913, value, which was unextinguished on February 8, 1917, over the period from February 8, 1917, to August 31, 1927. Prior to February 8, 1917, a part of the March 1, 1913, value had expired either under the terms of the original lease, or the extension as granted on November 11, 1914. What, therefore, the petitioner had on February 8, 1917, was an asset the useful life of which to it would expire on August 31, 1927, and through which period it would enjoy the beneficial use of the rights under the leasehold. Consequently, the unextinguished value on February 8, 1917, should be spread from this latter date to August 31, 1927. Cf. *Appeal of Gladding Dry Goods Co.*, 2 B. T. A. 336.

In the next issue as to a reduction of invested capital on account of an alleged insufficiency of depreciation taken in prior years, the petitioner relies upon the decisions of the Board in *Cleveland Home Brewing Co.*, 1 B. T. A. 87; *Russell Milling Co.*, 1 B. T. A. 194; and *Rub-No-More Co.*, 1 B. T. A. 228. In each of these cases there was evidence that the petitioner had charged off depreciation in prior years and that such depreciation was substantially correct; and, as between depreciation charged by the petitioner and that claimed by the Commissioner, we considered petitioner's contention as more nearly representing the correct facts and refused to disturb the surplus shown on petitioner's books. In this proceeding we have an entirely different situation. From 1906 to January 31, 1916, petitioner charged off a total depreciation on its furniture and fixtures of $6,000, but this was not charged off at a uniform rate. What relation this bore to cost, we do not know, since no evidence was presented as to the cost of the assets here in question. For the years here involved petitioner claimed depreciation on these assets at the uniform rate of 10 per cent. This rate was reduced by the Commissioner to 5 per cent, with the result that depreciation was disallowed by the Commissioner in the total amount of $2,801.21 for the three years. Since the rate allowed is one-half of that claimed, it seems reasonable to suppose that depreciation was claimed in these three years of approximately $5,600, whereas the petitioner contends that $6,000 is adequate for approximately 10 years prior to January

31, 1916. Allegations in the petition indicate that much greater amounts were claimed in 1917 and 1918. As to the policy of the company with respect to repairs and treatment of capital expenditures for the prior years as compared with the years in question, both the bookkeeper and the vice president of the petitioner testified that there had been no change, that ordinary repairs and minor replacements were charged to expense and that new fixtures and major replacements were properly charged to the fixture account, except in the case of display fixtures, which were uniformly charged to expense. What the total expended for display fixtures which were improperly charged to expense amounted to, we are again without information and have no way of determining whether a restoration of these items to the fixture account, after allowing depreciation thereon, would result in showing a depreciated cost for furniture and fixtures equal to that at which they were carried on the books of the petitioner. At the hearing, petitioner submitted an appraisal of its furniture and fixtures made in 1920 which purported to show the depreciated reproduction cost of these assets in 1920, but an objection to its admission was sustained on the ground that the appraisal in the form offered was improper and incompetent to prove any of the facts in issue. We are of the opinion that the presumption of the correctness of the determination of the Commissioner is not overcome by the evidence presented as to this issue and accordingly such determination is approved. *City National Bank*, 2 B. T. A. 623; *Alexandria Paper Co.*, 3 B. T. A. 239; *Union Terminal Cold Storage Co.*, 4 B. T. A. 264; and *Mandel Brothers*, 4 B. T. A. 341.

*Judgment will be entered on 10 days' notice, under Rule 50.*

Considered by SMITH, TRUSSELL, and LOVE.